

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **SEALED INDICTMENT** |
| | : | |
| **v.** | : | **CASE NO. 5:26-CR-_____** |
| | : | |
| **IRA CHRISTOPHER JACKSON,** | : | **VIOLATIONS:** |
| **KENNA MIDDLETON,** | : | 18 U.S.C. § 371 |
| **LAMETHEUS DOUGLAS,** | : | 18 U.S.C. § 1791(a)(1) |
| **ROBERT LEE WHISBY, JR.,** | : | 18 U.S.C. § 1791(b)(1) |
| **AARON HUBBARD,** | : | 18 U.S.C. § 1791(b)(3) |
| **JAMES PHILLIPS,** | : | 18 U.S.C. § 1791(b)(4) |
| **LEVITICUS BLASH,** | : | 18 U.S.C. § 1791(b)(5) |
| **CHRYSTAL DUNN,** | : | 21 U.S.C. § 846 |
| **JEFF RICHARDSON,** | : | 21 U.S.C. § 841(a)(1) |
| **TYSEAN RICHARDSON,** | : | 21 U.S.C. § 841(b)(1)(A)(viii) |
| **GLENN MIDDLETON, and** | : | 21 U.S.C. § 841(b)(1)(D) |
| **XAVIER MAXWELL** | : | 21 U.S.C. § 841(b)(1)(C) |
| | : | 21 U.S.C. § 841(b)(1)(E) |
| | : | 18 U.S.C. § 922(g)(1) |
| | : | 18 U.S.C. § 924(a)(8) |
| | : | 18 U.S.C. § 924(c)(1)(A)(i) |
| | : | 18 U.S.C. § 1952(a)(3) |
| | : | 21 U.S.C. § 843(b) |
| | : | 18 U.S.C. § 1512(k) |
| | : | 18 U.S.C. § 1512(c)(1) |
| | : | 49 U.S.C. § 46306(b)(5)(A) |
| | : | 49 U.S.C. § 46306(c)(2) |
| | : | 18 U.S.C. § 924(d)(1) |
| | : | 18 U.S.C. § 981(a)(1)(C) |
| | : | 21 U.S.C. § 853 |
| | : | 28 U.S.C. § 2461(c) |
| | : | |

**THE GRAND JURY CHARGES:**

## GENERAL INTRODUCTION

At all times relevant to this Indictment:

### Information on Drones

1. An "unmanned aircraft system," commonly referred to as "UAS" or "drone," (hereinafter "drone") is defined by the Federal Aviation Administration (FAA) as "an aircraft that is

1

operated without the possibility of direct human intervention from within or on the aircraft." The FAA further defines an UAS as "an unmanned aircraft and associated elements (including communication links and the components that control the unmanned aircraft) that are required for the pilot in command to operate safely and efficiently in the national airspace system."

2. Drones have individual serial numbers assigned by the manufacturer.

3. Drones also have what is called a remote ID. Remote IDs provide the ability of a drone in flight to provide identification and location information that can be received by other parties through a broadcast signal. Standard remote ID drones are drones that are produced with built-in Remote ID broadcast capabilities. Remote ID Broadcast Modules are added to a drone to retrofit it with Remote ID broadcast capabilities. Both types of Remote IDs are hereinafter referred to as a "drone ID."

4. Some drones, such as DJI models, record and store operational flight data, which can include activation locations, altitude, speed, flight path, and other pertinent flight details, depending on the drone's design and capabilities.

## Information on the Bureau of Prisons

5. The Federal Bureau of Prisons (hereinafter "BOP") was the agency responsible for the custody and care of federal inmates. The BOP operates several prison facilities throughout the country. These include Federal Correctional Complexes (hereinafter "FCC"), Federal Correctional Institutions (hereinafter "FCI"), Federal Medical Centers (hereinafter "FMC"), and United States Penitentiaries (hereinafter "USP").

6. FCI Atlanta was a BOP prison located in Atlanta, Georgia.

7. FCI Beckley was a BOP prison located in Beaver, West Virginia.

8. FCI Jesup was a BOP prison located in Jesup, Georgia.

2

9. FMC Lexington was a BOP prison located in Lexington, Kentucky.

10. FCI Manchester was a BOP prison located in Manchester, Kentucky.

11. FCI Memphis was a BOP prison located in Memphis, Tennessee.

12. FCC Petersburg was a BOP prison located in Hopewell, Virginia.

13. FCI Pollock was a BOP prison located in Pollock, Louisiana.

14. FCI Talladega was a BOP prison located in Talladega, Alabama.

15. FCI Yazoo City was a BOP prison located in Yazoo City, Mississippi.

16. USP Big Sandy was a BOP prison located in Inez, Kentucky.

17. The BOP had a drone detection system (hereinafter "DDS") that provided alerts when drones were within certain vicinities of certain BOP properties. In addition to providing alerts that drones were present, this DDS provided information on the drone's make, model, and drone ID number. The DDS also provided the BOP with information regarding the drone's flight including launch location, flight travel path, and altitude.

18. Between October 15, 2023, and November 5, 2023, a DJI M600 drone with drone ID 0670163817 (hereinafter "Drone A") made at least eight incursions into BOP airspace at five separate BOP facilities. Drone A's drone ID was associated with a drone bearing serial number M80DfK0230097.

19. Between November 11, 2023, and December 28, 2023, a DJI M600 drone with drone ID 0670171000 (hereinafter "Drone B") made at least six incursions into BOP airspace at four separate BOP facilities. Drone B's drone ID was associated with a drone bearing serial number M80DfK0230097.

20. Between December 22, 2023, and November 7, 2024, a DJI M300 drone with drone ID 1ZN7L8F0H1P00F (hereinafter "Drone C") made at least six incursions into BOP airspace at

three separate BOP facilities. Drone C's drone ID was associated with a drone bearing serial number 1ZN7L8F0H1P00F.

21. Between August 13, 2024, and September 15, 2024, a DJI M600 drone with drone ID 0670148035 (hereinafter "Drone D") made at least ten incursions into BOP airspace at six separate BOP facilities. Drone D's drone ID was associated with a drone bearing serial number FJ111428420221.

22. Between April 14, 2025, and June 21, 2025, a DJI M600 drone with drone ID 0670169708 (hereinafter "Drone E") made at least six incursions into BOP airspace at five separate BOP facilities. Drone E's drone ID was associated with a drone bearing serial number M64DDH26020090.

23. Between June 17, 2025, and May 2, 2026, a DJI M600 drone with drone ID 0670155164 (hereinafter "Drone F") made at least two incursions into BOP airspace at two separate BOP facilities. Drone F's drone ID was associated with a drone bearing serial number M80DG4A0037BY5.

24. The purpose of the above noted incursions by Drones A, B, C, D, E, and F was to utilize the drones to drop contraband at the federal prisons for inmates at the prisons to retrieve.

**Information on Defendants**

25. The below listed Defendants took part in the conspiracy to provide contraband at the federal prisons utilizing the above listed drones.

26. **IRA CHRISTOPHER JACKSON** was a resident of Macon, Georgia. **IRA CHRISTOPHER JACKSON** was commonly referred to as "CHRIS," "CJ," and "ACTION," or "ACTION JACKSON." **IRA CHRISTOPHER JACKSON** had several addresses associated with him, including a former day care center, also referred to as "THE LAB," which

4

was located in Macon, Georgia. **IRA CHRISTOPHER JACKSON** stored items to support the contraband and narcotics conspiracies at THE LAB. Drones A, B, C, D, and E were also routinely activated at and near THE LAB in the days leading up to prison contraband drops. **IRA CHRISTOPHER JACKSON** communicated with federal prison inmates to facilitate contraband drops.

27. **KENNA MIDDLETON** was a resident of Macon, Georgia. **KENNA MIDDLETON** was commonly referred to as "CUZ," "K DAY," and "KD." **KENNA MIDDLETON** stored items to support the contraband and narcotics conspiracies at his residence and storage unit, both located in Macon, Georgia. **KENNA MIDDLETON** also assisted in flying drones. **KENNA MIDDLETON** also communicated with federal prison inmates to facilitate contraband drops.

28. **LAMETHEUS DOUGLAS** was a BOP inmate. **LAMETHEUS DOUGLAS** was commonly referred to as "MEPHY." From September 8, 2023, to May 6, 2023, **LAMETHEUS DOUGLAS** was housed at FCI Manchester. From May 6, 2023, to March 3, 2026, **LAMETHEUS DOUGLAS** was housed at FMC Lexington. **LAMETHEUS DOUGLAS** utilized contraband cell phones to schedule contraband drops at his federal prisons.

29. **ROBERT LEE WHISBY, JR.** was a BOP inmate at FCI Memphis. **ROBERT LEE WHISBY, JR.** was commonly referred to as "LIL PUMPKIN." **ROBERT LEE WHISBY, JR.** utilized contraband cell phones to schedule contraband drops at his federal prison.

30. **AARON HUBBARD** was a BOP inmate at FCI Beckley. **AARON HUBBARD** utilized contraband cell phones to schedule contraband drops at his federal prison.

31. **JAMES PHILLIPS** was a BOP inmate at FCI Jesup from October 18, 2019 to March 29, 2024; at FCI Talladega from March 29, 2024, to April 12, 2024; and then at other BOP facilities

5

from April 12, 2024, to July 8, 2025. **JAMES PHILLIPS** utilized contraband cell phones to schedule contraband drops at his federal prison.

32. **LEVITICUS BLASH** was a resident of Macon, Georgia. **LEVITICUS BLASH** assisted in the contraband drone drops by traveling to the federal prisons to assist with the drone flights and contraband drops.

33. **CHRYSTAL DUNN** was a resident of Macon, Georgia and Greenville, South Carolina. **CHRYSTAL DUNN** assisted in the contraband drone drops by providing transportation and serving as a look out.

34. **JEFF RICHARDSON** was a resident of Macon, Georgia and East Point, Georgia. **JEFF RICHARDSON** assisted in flying drones for contraband drone drops.

35. **TYSEAN RICHARDSON** was a resident of Macon, Georgia and East Point, Georgia. **TYSEAN RICHARDSON** assisted in flying drones for contraband drone drops.

36. **GLENN MIDDLETON** was a resident of Macon, Georgia. **GLENN MIDDELTON** stored items to support the contraband and narcotics conspiracies at his residence located in Macon, Georgia.

37. **XAVIER MAXWELL** was a resident of Macon, Georgia. **XAVIER MAXWELL** helped prepare and package contraband for the contraband drone drops.

<u>**COUNT ONE**</u>
**(Conspiracy to Provide Contraband in Prison)**

The allegations outlined in the General Introduction are hereby incorporated by reference as if fully set forth herein.

Beginning on an unknown date, but no later than on or about, September 1, 2023, and continuing through on or about May 31, 2026, in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of the Court,

6

IRA CHRISTOPHER JACKSON,
KENNA MIDDLETON,
LAMETHEUS DOUGLAS,
ROBERT LEE WHISBY, JR.,
AARON HUBBARD,
JAMES PHILLIPS,
LEVITICUS BLASH,
CHRYSTAL DUNN,
JEFF RICHARDSON,
TYSEAN RICHARDSON,
GLENN MIDDLETON,
and
XAVIER MAXWELL

and others, both known and unknown, collectively referred to as "the Defendants" herein, did knowingly, willfully, and unlawfully combine, conspire, and agree together and with others, both known and unknown to the Grand Jury, to commit offenses against the United States, to-wit: Providing and Possessing Contraband in Prison in violation of Title 18, United States Code, Sections 1791(a), 1791(b)(1), 1791(b)(3), 1791(b)(4), and 1791(b)(5).

## OBJECT OF THE CONSPIRACY

The object of the conspiracy was to utilize drones to provide inmates of prisons prohibited objects to include:

- Marijuana;

- Methamphetamine;

- Other controlled substances;

- Objects, such as saw blades, designed and intended to be used as weapons and to facilitate escape;

- Cell phones; and

- Tobacco

7

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects thereof, the Defendants committed, and caused to be committed, the following overt acts, among others:

### *Drone A*

1. On October 15, 2023, the Defendants made an incursion at FCI Jesup with Drone A. That same day, BOP staff located a trash bag with cardboard packaging containing cigarettes, cell phones, papers soaked in a substance, and other items.

2. On October 15, 2023, the Defendants activated Drone A in the vicinity of THE LAB.

3. On October 16, 2023, the Defendants made an incursion at FCI Beckley with Drone A. This incursion was not detected by the DDS and no contraband was recovered by BOP staff.

4. On October 23, 2023, the Defendants made an incursion at FCI Beckley with Drone A. This incursion was not detected by the DDS and no contraband was recovered by BOP staff.

5. On October 28, 2023, the Defendants activated Drone A in the vicinity of THE LAB.

6. On October 29, 2023, at two different times roughly twenty minutes apart, the Defendants made incursions at FCI Atlanta with Drone A. That same day, BOP staff found two black trash bags approximately twenty feet apart from each other. Inside these bags, BOP staff found a green leafy substance, cigarettes, cell phones, and other items.

7. On October 30, 2023, the Defendants made an incursion at FCI Beckley with Drone A. This incursion was not detected by the DDS and no contraband was recovered by BOP staff.

8. Between on or about October 5, 2023, and October 28, 2023, **KENNA MIDDLETON** and **JAMES PHILLIPS** discussed arranging a contraband drop with a "grass pac."

9. On October 30, 2023, the Defendants activated Drone A in the vicinity of THE LAB.

8

10. On October 31, 2023, from in or around his residence, **KENNA MIDDLETON** utilized a third-party drone flight application.

11. On October 31, 2023, the Defendants made an incursion at FCI Jesup with Drone A. That same day, BOP staff found a square pouch made of astroturf material with cell phones, cigarettes, and other items.

12. On October 31, 2023, **JAMES PHILLIPS** sent a message to **KENNA MIDDLETON** referring to the contraband being found.

13. On November 3, 2023, the Defendants activated Drone A in the vicinity of THE LAB.

14. On November 4, 2023, the Defendants made an incursion at FCI Pollock with Drone A. No contraband was recovered by BOP staff.

15. On November 5, 2023, the Defendants made incursions at FCI Yazoo at two different times, roughly thirteen minutes apart, with Drone A. No contraband was recovered by BOP staff.

### Drone B

16. On November 11, 2023, the Defendants made an incursion at FCI Yazoo with Drone B. No contraband was recovered by BOP staff.

17. On November 14, 2023, the Defendants made an incursion at FCI Jesup with Drone B. That same day, BOP staff located a black garbage bag with cell phones, cigarettes, liquid soaked papers, and other items.

18. On November 21, 2023, the Defendants activated Drone B in the vicinity of THE LAB.

19. On November 22, 2023, the Defendants made an incursion at FCI Atlanta with Drone B. That same day, BOP staff located trash bags with cell phones, cigarettes, and other items.

20. On November 27, 2023, the Defendants activated Drone B in the vicinity of THE LAB.

21. On December 3, 2023, **KENNA MIDDLETON** utilized a third-party drone flight application.

9

22. On December 4, 2023, the Defendants made an incursion at FCI Atlanta with Drone B. That same day, BOP staff located cell phones, cigarettes, and other items.

23. On December 10, 2023, the Defendants activated Drone B in the vicinity of THE LAB.

24. On December 11, 2023, the Defendants made an incursion with Drone B at FCI Talladega. This incursion was not detected by the DDS and no contraband was recovered by BOP staff.

25. On December 28, 2023, the Defendants made an incursion at FCI Jesup with Drone B. That same day, BOP staff located a black plastic bag with saw blades, cell phones, cigarettes, and lighters. **JAMES PHILLIPS** was an inmate at FCI Jesup at the time of this drop.

### *Drone C*

26. On December 22, 2023, the Defendants made an incursion at FCI Beckley with Drone C. BOP staff searched, but could not locate the contraband.

27. On January 22, 2024, **KENNA MIDDLETON** received a text message from **AARON HUBBARD** with two screenshots of a prison yard with areas marked. The screenshots included a pinned location with coordinates to FCI Beckley listed.

28. On January 23, 2024, the Defendants made an incursion at FCI Beckley with Drone C. No contraband was located.

29. On January 23, 2024, **AARON HUBBARD** told **KENNA MIDDLETON** "day stuck in snow." **KENNA MIDDLETON** and **AARON HUBBARD** then had audio/video conversation.

30. On January 23, 2024, **KENNA MIDDLETON** utilized a third-party drone flight application.

31. On January 30, 2024, the Defendants made an incursion at FCI Beckley with Drone C. BOP staff searched, but could not locate the contraband.

10

32. On January 30, 2024, **AARON HUBBARD** sent **KENNA MIDDLETON** a picture of a person standing in a prison yard.

33. On February 27, 2024, the Defendants made an incursion at FCI Beckley with Drone C.

34. On February 27, 2024, **KENNA MIDDLETON** and **AARON HUBBARD** had a conversation where **KENNA MIDDLETON** told **AARON HUBBARD** that he "already dropped."

35. On March 20, 2024, the Defendants made an incursion at FCI Petersburg with Drone C.

36. On or about October 14, 2024, **IRA CHRISTOPHER JACKSON** dropped Drone C off at a business located in the Middle District of Georgia for work and repairs.

37. On or about October 18, 2024, **IRA CHRISTOPHER JACKSON** picked Drone C up from the business located in the Middle District of Georgia from its work and repairs.

38. Between on or about October 24, 2024, through November 6, 2024, **LAMETHEUS DOUGLAS** and **IRA CHRISTOPHER JACKSON** discussed arranging a contraband drop at FCI Manchester.

39. On or about November 4, 2024, **IRA CHRISTOPHER JACKSON** ordered parts for an M600 drone. These parts were sent to THE LAB.

40. On November 6, 2024, **IRA CHRISTOPHER JACKSON** told **LAMETHEUS DOUGLAS** that they were on their way that night and the two discussed where to drop the "grass pacc."

41. On November 7, 2024, the Defendants, including **TYSEAN RICHARDSON**, made an incursion at FCI Manchester with Drone C. That same day, BOP staff located a square pouch made of astroturf material with tobacco and cell phones.

42. Between on or about November 13, 2024, and November 19, 2024, **LAMETHEUS DOUGLAS** and **IRA CHRISTOPHER JACKSON** discussed planning another contraband drop at FCI Manchester.

43. On or about November 13, 2024, **IRA CHRISTOPHER JACKSON** told **LAMETHEUS DOUGLAS** that "Cuz" (**KENNA MIDDLETON**) had crashed the "toy" (drone) and that all of his "birds" (drones) were down.

44. On or about November 14, 2024, **IRA CHRISTOPHER JACKSON** told **LAMETHEUS DOUGLAS** that a part for his drone arrived that day.

45. On or about November 19, 2024, **LAMETHEUS DOUGLAS** asked **IRA CHRISTOPHER JACKSON** when they were going to do a drop. **IRA CHRISTOPHER JACKSON** indicated that his drone was still messed up.

46. On or about November 25, 2024, **IRA CHRISTOPHER JACKSON** ordered parts for an M600 drone. These parts were to be sent to THE LAB.

### *Drone D*

47. On August 4, 2024, the Defendants activated Drone D in the vicinity of THE LAB.

48. On August 8, 2024, the Defendants made an incursion at FCI Talladega with Drone D. This incursion was not detected by the DDS and no contraband was recovered by BOP staff.

49. On August 12, 2024, the Defendants activated Drone D in the vicinity of THE LAB.

50. On August 13, 2024, the Defendants, including **TYSEAN RICHARDSON** and **JEFF RICHARDSON** made an incursion at FCC Petersburg with Drone D. That same day, BOP staff located a square pouch made of astroturf material on the grounds of FCC Petersburg. Inside the pouch were cigarettes, tobacco, and cell phones.

51. On August 14, 2024, the Defendants made an incursion at FCI Talladega with Drone D. This incursion was not detected by the DDS and no contraband was recovered.

52. On August 25, 2024, the Defendants activated Drone D in the vicinity of THE LAB.

12

53. On August 26, 2024, the Defendants made an incursion at FCI Atlanta with Drone D. This incursion was not detected by the DDS and no contraband was recovered by BOP staff.

54. On August 27, 2024, the Defendants, including **TYSEAN RICHARDSON** and **JEFF RICHARDSON**, made an incursion at FCI Jesup with Drone D. That same day, BOP staff located a black garbage bag with cell phones, cigarettes, marijuana, methamphetamine, and other items.

55. On September 1, 2024, the Defendants made an incursion at FCC Petersburg with Drone D. That same day, BOP staff located a square pouch made of astroturf material on the grounds of FCC Petersburg. Inside the pouch were cigarettes, a cell phone, loose tobacco, and other items.

56. On September 2, 2024, the Defendants made an incursion at FCI Beckley with Drone D. That same day, BOP staff located a square pouch made of astroturf material on the grounds of FCI Beckley. Inside the pouch were tobacco and other items.

57. On September 2, 2024, **KENNA MIDDLETON** texted **AARON HUBBARD** that he thought "he only did tobacco on that test drop."

58. On September 5, 2024, the Defendants, including **TYSEAN RICHARDSON** and **JEFF RICHARDSON**, made an incursion at FCI Manchester with Drone D. That same day, BOP staff located a square pouch made of astroturf material on the grounds of FCI Manchester. Inside that pouch were tobacco and other items. **LAMETHEUS DOUGLAS** was an inmate at FCI Manchester at the time of this drop.

59. On September 8, 2024, the Defendants made an incursion at FCI Atlanta with Drone D. This incursion was not detected by the DDS and no contraband was recovered.

60. On September 8, 2024, **TYSEAN RICHARDSON** obtained a driving route to FCI Atlanta.

13

61. On September 15, 2024, **AARON HUBBARD** sent **KENNA MIDDLETON** a message with a picture of what appears to be a map of FCI Beckley with a spot marked. **AARON HUBBARD** also indicated that he had talked to "Ty," or **TYSEAN RICHARDSON**.

62. On September 15, 2024, the Defendants, including **TYSEAN RICHARDSON** and **JEFF RICHARDSON**, made an incursion at FCI Beckley with Drone D. No contraband was recovered by BOP staff. **KENNA MIDDLETON** had a video of this contraband drop on his phone.

63. On September 16, 2024 **JEFF RICHARDSON** and **TYSEAN RICHARDSON** were driving **IRA CHRISTOPHER JACKSON's** vehicle in and around Waycross, Georgia.

64. On September 16, 2024, the Defendants, including **TYSEAN RICHARDSON** and **JEFF RICHARDSON** made an incursion at Ware State Prison with Drone D. Ware State Prison was a Georgia Department of Corrections facility housing state of Georgia inmates in Waycross, Georgia. The Georgia Department of Corrections was the agency responsible for the custody and care of state of Georgia inmates and operates multiple prisons throughout the state of Georgia, including Ware State Prison.

65. On September 16, 2024, following incursion at Ware State Prison, Drone D was located in a wooded area near Ware State Prison. **JEFF RICHARDSON** and **TYSEAN RICHARDSON** were located in **IRA CHRISTOPHER JACKSON's** vehicle in the same vicinity as Drone D and had drone batteries and a drone controller in their possession.

### *Drone E*

66. On or about September 29, 2023, **IRA CHRISTOPHER JACKSON** dropped a M600 drone with the serial number of Drone E off at a business located in the Middle District of Georgia for work and repairs.

14

67. On or about October 23, 2023, **IRA CHRISTOPHER JACKSON** picked up a M600 drone with the serial number of Drone E from the business located in the Middle District of Georgia from its work and repairs.

68. On April 14, 2025, the Defendants, including **LEVITICUS BLASH** and **JEFF RICHARDSON**, made an incursion at FCI Beckley with Drone E. That same day, BOP staff located a square pouch made of astroturf material on the grounds of FCI Beckley. Inside that pouch were tobacco, a cell phone, and sheets of paper that tested positive for Methyl 3,3-dimethyl-2-(1-(pent-4-en-1-yl)-1H-indazole-3-carboxamido)butanoate, also known as MDMB-4en-PINACA (commonly referred to as K2).

69. On May 5, 2025, **KENNA MIDDLETON** flew from the Atlanta Airport in Atlanta, Georgia to the Richmond International Airport in Richmond, Virginia.

70. On May 6, 2025, the Defendants, including **LEVITICUS BLASH** and **KENNA MIDDLETON**, utilized **IRA CHRISTOPHER JACKSON**'s Tahoe, and made an incursion at FCC Petersburg with Drone E. That same day, BOP staff located two square pouches made of astroturf material on the grounds of FCC Petersburg. Inside the pouches were cell phones, cigarettes, and other items.

71. On May 6, 2025, **KENNA MIDDLETON** flew from the Richmond International Airport and returned to the Atlanta Airport.

72. Between on or about April 29, 2025, through May 8, 2025, **IRA CHRISTOPHER JACKSON** and **ROBERT LEE WHISBY, JR.** discussed plans to attempt a contraband drone drop at FCI Memphis. They discussed dropping cell phones and cigarettes.

73. On May 8, 2025, the Defendants, including **LEVITICUS BLASH** and **JEFF RICHARDSON**, utilized **IRA CHRISTOPHER JACKSON**'s Tahoe and made an attempted

15

incursion at FCI Memphis with Drone E. This incursion was not detected by the DDS and no contraband was located.

74. On May 17, 2025, **IRA CHRISTOPHER JACKSON** told **ROBERT LEE WHISBY, JR.** that his drone was broken and indicated he was working on getting it repaired.

75. On May 29, 2025, the Defendants activated Drone E in the vicinity of THE LAB.

76. On May 31, 2025, the Defendants activated Drone E in the vicinity of THE LAB.

77. On June 3, 2025, the Defendants activated Drone E in the vicinity of THE LAB.

78. On June 3, 2025, **IRA CHRISTOPHER JACKSON** sent **ROBERT LEE WHISBY, JR.** a message stating "everything went good cuz" and "time to schedule the drops."

79. On June 5, 2025, the Defendants activated Drone E in the vicinity of THE LAB.

80. On June 6, 2025, the Defendants, including **LEVITICUS BLASH,** made an attempted incursion at FCI Memphis with Drone E. No contraband was recovered by BOP staff.

81. On June 13, 2025, the Defendants activated Drone E in the vicinity of THE LAB.

82. On June 13, 2025, **KENNA MIDDLETON** took a video at THE LAB showing three drones and two grass packs.

83. On June 18, 2025, the Defendants, including **LEVITICUS BLASH,** utilized **IRA CHRISTOPHER JACKSON**'s Tahoe, and made an incursion at FMC Lexington with Drone E. That same day, BOP staff located two packages containing cell phones, tobacco, and cigarettes. **XAVIER MAXWELL** assisted in obtaining, preparing, and packaging the cell phones for the contraband drop.

84. On June 20, 2025, the Defendants activated Drone E in the vicinity of THE LAB.

85. On June 20, 2025, **CHRYSTAL DUNN** picked up **KENNA MIDDLETON** from THE LAB.

86. Between June 20, 2025 and June 21, 2025, **KENNA MIDDLETON, CHRYSTAL DUNN, LEVITICUS BLASH,** and another person (hereinafter "Jane Doe") traveled from in or around Macon, Georgia to Talladega, Alabama to conduct a contraband drop.

87. On June 21, 2025, the Defendants, including **KENNA MIDDLETON, CHRYSTAL DUNN, LEVITICUS BLASH,** made an incursion at FCI Talladega with Drone E. That same day, BOP staff located a large bag containing tobacco, marijuana, methamphetamine, D9-Tetrahydrocannabinol (THC), cell phones, and other items.

88. On June 21, 2025, following Drone E's incursion at FCI Talladega, **KENNA MIDDLETON, CHRYSTAL DUNN, LEVITICUS BLASH,** and Jane Doe were located traveling together in the vicinity from where Drone E had launched. **KENNA MIDDLETON, LEVITICUS BLASH,** and Jane Doe were inside **IRA CHRISTOPHER JACKSON'S** Tahoe, which also contained Drone E, as well as batteries, and a controller. **CHRYSTAL DUNN** was in a separate vehicle serving as the lookout.

89. The controller found with Drone E had a serial number of 06FCHAJRC20044. **KENNA MIDDLETON** had previously dropped this controller off at a business located in the Middle District of Georgia for work and repairs on June 8, 2023, and picked the controller back up on July 10, 2023.

### Drone F

90. Between on or about June 8, 2025, through June 17, 2025, **IRA CHRISTOPHER JACKSON** and **ROBERT LEE WHISBY, JR.** discussed plans to attempt a contraband drone drop at FCI Memphis.

91. On June 17, 2025, **IRA CHRISTOPHER JACKSON** sent **ROBERT LEE WHISBY, JR.** a message indicating that the drop was done.

17

92. On June 17, 2025, the Defendants made an incursion at FCI Memphis with Drone F. That same day, BOP staff located two bags containing cell phones, tobacco, and other items.

93. On May 2, 2026, the Defendants, made an incursion at FCI Talladega with Drone F. That same day, BOP staff located a cell phone, cigarettes, a green leafy substance, and vaping devices.

### Additional Overt Acts

94. On August 25, 2025, **IRA CHRISTOPHER JACKSON** sent an inmate at USP Big Sandy a picture of contraband packaged in orange cellophane sitting next to an astroturf pouch. Also on the table were several packages of what appears to be suboxone.

95. Between on or about September 17, 2025, and on or about September 18, 2025, **LAMETHEUS DOUGLAS** and **IRA CHRISTOPHER JACKSON** discussed plans to attempt a contraband drone drop at FMC Lexington.

96. From an unknown date and continuing to at least October 8, 2025, **KENNA MIDDLETON** stored drone parts and accessories and rolls of green astroturf at his residence in Macon, Georgia.

97. From an unknown date and continuing to at least October 8, 2025, **IRA CHRISTOPHER JACKSON** stored drone remotes, rolls of green astroturf, and supplies used for contraband drops at THE LAB, including suboxone, K2, and marijuana, in Macon, Georgia.

98. From an unknown date and continuing to at least October 8, 2025, **GLENN MIDDLETON** stored square pouches made of astroturf material at his residence in Macon, Georgia.

99. From an unknown date and continuing to at least October 31, 2025, **KENNA MIDDLETON** stored drone parts and accessories, and other supplies used in contraband drops at his storage unit in Macon, Georgia.

18

all in violation of Title 18, United States Code, Section 371 i/c/w Title 18, United States Code,

Sections 1791(a)(1), 1791(a)(2), 1791(b)(1), 1791(b)(3), 1791(b)(4), and 1791(b)(5).

## COUNT TWO
### (Conspiracy to Possess with Intent to Distribute Methamphetamine)

That between an unknown date, but no later than on or about, September 1, 2023, and on

or about May 31, 2026, in the Macon Division of the Middle District of Georgia, and elsewhere

within the jurisdiction of the Court,

**IRA CHRISTOPHER JACKSON,
KENNA MIDDLETON,
LEVITICUS BLASH,
CHRYSTAL DUNN,
JEFF RICHARDSON, and
TYSEAN RICHARDSON**

knowingly and intentionally combined, conspired, confederated, and agreed together and with

each other, and with other persons, known and unknown, to possess with the intent to distribute a

controlled substance, to wit: more than 50 grams of methamphetamine; all in violation of Title 21,

United States Code, Section 846, in connection with Title 21 United States Code, Sections

841(a)(1) and 841(b)(1)(A)(viii).

The grand jury further alleges that before **IRA CHRISTOPHER JACKSON** committed

the offense charged in this count, **IRA CHRISTOPHER JACKSON** had a final conviction for

a serious drug felony, that is two (2) counts of Possession With Intent to Distribute Marijuana,

in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D) and Title 18,

United States Code, Section 2 for which he served more than 12 months of imprisonment and

for which he was released from serving any term of imprisonment related to that separate offense

within 15 years of the commencement of the instant offense.

19

The grand jury further alleges that before **KENNA MIDDLETON** committed the offense charged in this count, **KENNA MIDDLETON** had a final conviction for a serious drug felony, that is Conspiracy to Possess With Intent to Distribute Marijuana, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(D) for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that separate offense within 15 years of the commencement of the instant offense.

## COUNT THREE
### (Conspiracy to Possess with Intent to Distribute Marijuana)

That between an unknown date, but no later than on or about, September 1, 2023, and on or about May 31, 2026, in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of the Court,

**IRA CHRISTOPHER JACKSON,**
**KENNA MIDDLETON,**
**GLENN MIDDLETON,**
**LEVITICUS BLASH,**
**CHRYSTAL DUNN,**
**JEFF RICHARDSON, and**
**TYSEAN RICHARDSON**

knowingly and intentionally combined, conspired, confederated, and agreed together and with each other, and with other persons, known and unknown, to possess with the intent to distribute a controlled substance, to wit: marijuana; all in violation of Title 21, United States Code, Section 846, in connection with Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)(D).

The grand jury further alleges that before **IRA CHRISTOPHER JACKSON** committed the offense charged in this count, **IRA CHRISTOPHER JACKSON** had a final conviction for a felony drug offense, that is two (2) counts of Possession With Intent to Distribute Marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D) and Title 18, United States Code, Section 2.

20

The grand jury further alleges that before **KENNA MIDDLETON** committed the offense charged in this count, **KENNA MIDDLETON** had a final conviction for a felony drug offense, that is Conspiracy to Possess With Intent to Distribute Marijuana, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(D).

The grand jury further alleges that before **LEVITICUS BLASH** committed the offense charged in this count, **LEVITICUS BLASH** had a final conviction for a felony drug offense, that is Possession of a Schedule II Controlled Substance, in violation of O.C.GA. § 16-13-30(a).

## COUNT FOUR
### (Conspiracy to Possess with Intent to Distribute a Schedule I Controlled Substance)

That between an unknown date, but no later than on or about, September 1, 2023, and on or about May 31, 2026, in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of the Court,

**IRA CHRISTOPHER JACKSON,**
**KENNA MIDDLETON,**
**LEVITICUS BLASH, and**
**AARON HUBBARD**

knowingly and intentionally combined, conspired, confederated, and agreed together and with each other, and with other persons, known and unknown, to possess with the intent to distribute a controlled substance, to wit: a substance containing a detectable amount of Methyl 3,3-dimethyl-2-(1-(pent-4-en-1-yl)-1H-indazole-3-carboxamido)butanoate, also known as MDMB-4en-PINACA (commonly referred to as K2), a schedule I controlled substance; all in violation of Title 21, United States Code, Section 846, in connection with Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The grand jury further alleges that before **IRA CHRISTOPHER JACKSON** committed the offense charged in this count, **IRA CHRISTOPHER JACKSON** had a final conviction for

a felony drug offense, that is two (2) counts of Possession With Intent to Distribute Marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D) and Title 18, United States Code, Section 2.

The grand jury further alleges that before **KENNA MIDDLETON** committed the offense charged in this count, **KENNA MIDDLETON** had a final conviction for a felony drug offense, that is Conspiracy to Possess With Intent to Distribute Marijuana, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(D).

The grand jury further alleges that before **LEVITICUS BLASH** committed the offense charged in this count, **LEVITICUS BLASH** had a final conviction for a felony drug offense, that is Possession of a Schedule II Controlled Substance, in violation of O.C.GA. § 16-13-30(a).

The grand jury further alleges that before **AARON HUBBARD** committed the offense charged in this count, **AARON HUBBARD** had a final conviction for a felony drug offense, that is Conspiracy to Possess With Intent to Distribute, and Distribute, Controlled Substances, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846.

## COUNT FIVE
### (Possession with Intent to Distribute a Schedule III Controlled Substance)

That on or about October 8, 2025, in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of the Court,

### IRA CHRISTOPHER JACKSON

did knowingly and intentionally possess with the intent to distribute a controlled substance, to wit: a substance containing a detectable amount of buprenorphine, also known as suboxone, a schedule III controlled substance; all in violation of Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)(E).

22

The grand jury further alleges that before **IRA CHRISTOPHER JACKSON** committed the offense charged in this count, **IRA CHRISTOPHER JACKSON** had a final conviction for a felony drug offense, that is two (2) counts of Possession With Intent to Distribute Marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D) and Title 18, United States Code, Section 2.

## COUNT SIX
### (Possession of a Firearm by a Convicted Felon)

On or about October 8, 2025, in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of the Court,

## GLENN MIDDLETON

knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, that is: one (1) Amadeo Rossi, Model: M88, .38 caliber revolver, Serial Number: 1272504; one (1) Glock, Model: 17, 9mm pistol, Serial Number: ABPC955; one (1) Ruger, Model: NRA 10/22 Takedown, .22 caliber rifle, Serial Number: 490-61084; and one (1) Taurus, Model: G2C, .40 caliber pistol, Serial Number: ABD447812, said firearms having been shipped and transported in foreign and interstate commerce; all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT SEVEN
### (Possession with Intent to Distribute Cocaine)

On or about October 8, 2025, in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of the Court,

## GLENN MIDDLETON,

did knowingly and intentionally possess with the intent to distribute a controlled substance, to wit: cocaine; all in violation of Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)(C).

23

## COUNT EIGHT
### (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about October 8, 2025, in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of the Court,

### GLENN MIDDLETON,

did knowingly possess a firearm, that is: one (1) Amadeo Rossi, Model: M88, .38 caliber revolver, Serial Number: 1272504; one (1) Glock, Model: 17, 9mm pistol, Serial Number ABPC955; one (1) Ruger, Model: NRA 10/22 Takedown, .22 caliber rifle, Serial Number: 49061084; and one (1) Taurus, Model: G2C, .40 caliber pistol, Serial Number: ABD447812, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, the offense outlined in Count Seven of this Indictment; all in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT NINE
### (Possession of a Firearm by a Convicted Felon)

On or about October 8, 2025, in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of the Court,

### KENNA MIDDLETON

knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, that is, one (1) Taurus, Model: PT145, .45 caliber pistol, Serial Number: NEX55384, said firearm having been shipped and transported in foreign and interstate commerce; all in violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(8).

24

## COUNT TEN
### (Possession of a Firearm by a Convicted Felon)

On or about October 9, 2025, in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of the Court,

## IRA CHRISTOPHER JACKSON

knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, that is, one (1) Glock, Model: 19, 9mm caliber pistol, Serial Number: BGNF238, said firearm having been shipped and transported in foreign and interstate commerce; all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT ELEVEN
### (Travel in Aid of Racketeering)

On or about April 13, 2025, to April 14, 2025, in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of the Court,

## LEVITICUS BLASH and
## JEFF RICHARDSON

traveled in interstate commerce from the State of Georgia to the State of West Virginia, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment and carrying on of an unlawful activity, that is, conspiracy to possess with intent to distribute Methyl 3,3-dimethyl-2-(1-(pent-4-en-1-yl)-1H-indazole-3-carboxamido)butanoate, also known as MDMB-4en-PINACA (commonly referred to as K2), a schedule I controlled substance in violation of Title 21, United States Code, Section 846 i/c/w Title 21, United States Code, Section 841(a)(1), and thereafter performed and attempted to perform an act to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of such unlawful activity; all in violation of Title 18, United States Code, Section 1952(a)(3).

25

## COUNT TWELVE
### (Travel in Aid of Racketeering)

On or about June 20, 2025 to June 21, 2025, in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of the Court,

**KENNA MIDDLETON,**
**LEVITICUS BLASH, and**
**CHRYSTAL DUNN**

traveled in interstate commerce from the State of Georgia to the State of Alabama, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment and carrying on of an unlawful activity, that is, conspiracy to possess with intent to distribute methamphetamine in violation of Title 21, United States Code, Section 846 i/c/w Title 21, United States Code, Section 841(a)(1), and thereafter performed and attempted to perform an act to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of such unlawful activity; all in violation of Title 18, United States Code, Section 1952(a)(3).

## COUNT THIRTEEN
### (Use of a Communication Facility in Causing or Facilitating the Commission of Felonies Under the Controlled Substances Act)

On or about June 20, 2025, in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of the Court,

**KENNA MIDDLETON and**
**CHRYSTAL DUNN**

did knowingly and intentionally use any communication facility, to wit: a cellular telephone, in facilitating the commission of any act or acts constituting a felony under Title 21, United States Code, Section 841(a), to wit: possession with intent to distribute and distribution of marijuana, methamphetamine, and D9-Tetrahydrocannabinol (THC), to wit: **KENNA MIDDLETON**

26

provided **CHRYSTAL DUNN** with directions to pick him up from THE LAB and to an area utilized to facilitate a contraband drone drop; all in violation of Title 21, United States Code, Section 843(b).

### COUNT FOURTEEN
**(Use of a Communication Facility in Causing or Facilitating the Commission of Felonies Under the Controlled Substances Act)**

On or about June 21, 2025, in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of the Court,

**KENNA MIDDLETON and
CHRYSTAL DUNN**

did knowingly and intentionally use any communication facility, to wit: a cellular telephone, in facilitating the commission of any act or acts constituting a felony under Title 21, United States Code, Section 841(a), to wit: possession with intent to distribute and distribution of marijuana, methamphetamine, and D9-Tetrahydrocannabinol (THC), to wit: **KENNA MIDDLETON** directed **CHRYSTAL DUNN** to serve as lookout during a contraband drone drop and **CHRYSTAL DUNN** provided **KENNA MIDDLETON** with a backstory to tell law enforcement; all in violation of Title 21, United States Code, Section 843(b).

### COUNT FIFTEEN
**(Conspiracy to Tamper with Evidence)**

On or about October 10, 2025, in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of the Court,

**IRA CHRISTOPHER JACKSON
and
XAVIER MAXWELL**

did conspire to corruptly alter, destroy, and mutilate a record, document, and object, that is: the contents of **IRA CHRISTOPHER JACKSON**'s cell phone, with the intent to impair its integrity

and availability for use in an official proceeding, that is: a federal revocation hearing, in violation of Title 18, United States Code, Section 1512(k) in connection with Title 18, United States Code, Section 1512(c)(1).

## COUNT SIXTEEN
### (Owning and Operating an Unregistered Drone)

Between on or about December 22, 2023, and November 7, 2024, in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of the Court,

## IRA CHRISTOPHER JACKSON

did own an aircraft eligible for registration by the Federal Aviation Administration under Title 49 of the United States Code, to wit: Drone C, and knowingly and willfully operated, attempted to operate, and allowed another to operate the aircraft when the aircraft was not registered; all in violation of Title 49, United States Code, Sections 46306(b)(5)(A).

## COUNT SEVENTEEN
### (Owning and Operating an Unregistered Drone)

On or about April 14, 2025, and June 25, 2025, in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of the Court,

## IRA CHRISTOPHER JACKSON
### and
## KENNA MIDDLETON

aided and abetted by each other, and by others, both known and unknown to the Grand Jury, did own an aircraft eligible for registration by the Federal Aviation Administration under Title 49 of the United States Code, to wit: Drone E, and knowingly and willfully operated, attempted to operate, and allowed another to operate the aircraft when the aircraft was not registered and said operation related to the facilitating of a controlled substance offense punishable by more than one

28

year imprisonment, to wit: possession with intent to distribute methamphetamine; all in violation of Title 49, United States Code, Sections 46306(b)(5)(A) and (c)(2).

## FORFEITURE NOTICE
### (18 U.S.C. 924(d)(1),  18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853 and 28 U.S.C. § 2461(c) - Criminal Forfeiture)

1.      The allegations contained in Counts One through Fifteen of this Indictment are hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeiture to the United States of America, pursuant to the provisions of Title 18, United States Code, Section 924(d)(1), Title 18, United States Code, 981(a)(1)(C), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

2.      Upon conviction of the offense(s) in violation of Title 18, United States Code, Section 371 in connection with Title 18, United States Code, Sections 1791(a)(1), 1791(a)(2), 1791(b)(1), 1791(b)(3), 1791(b)(4), and 1791(b)(5) set forth in Count One; Title 21, United States Code, Section 846, in connection with Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii) set forth in Count Two; Title 21, United States Code, Section 846, in connection with Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)(D) set forth in Count Three; Title 21, United States Code, Section 846, in connection with Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)(C) set forth in Count Four; Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(E) set forth in Count Five; Title 18, United States Code, Sections 922(g)(1) and 924(a)(8) set forth in Counts Six, Nine, and Ten; Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)(C) set forth in Count Seven; Title 18, United States Code, Section 924(c)(1)(A)(i) set forth in Count Eight; Title 18, United States Code, Section 1952(a)(3) set forth in Counts Eleven and Twelve; Title 21, United States Code, Section 843(b) set forth in Counts Thirteen and Fourteen; and/or Title 18, United States Code, Section 1512(k)

29

in connection with Title 18, United States Code, Section 1512(c)(1) set forth in Count Fifteen of this Indictment, the Defendant(s),

**IRA CHRISTOPHER JACKSON,
KENNA MIDDLETON,
LAMETHEUS DOUGLAS,
ROBERT LEE WHISBY, JR.,
AARON HUBBARD,
JAMES PHILLIPS,
LEVITICUS BLASH,
CHRYSTAL DUNN,
JEFF RICHARDSON,
TYSEAN RICHARDSON,
GLENN MIDDLETON,**
and
**XAVIER MAXWELL**

shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 924(d)(1), in conjunction with Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense(s); any property, real or personal, which constitutes, or is derived from, or is traceable to the proceeds obtained directly or indirectly from the commission of said violation(s), pursuant to Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c); and/or any property constituting, or derived from, any proceeds obtained, directly and indirectly, as a result of a drug offense, and any property, real or personal, used, or intended to be used in any manner or part to commit, or to facilitate the commission of the offense(s), pursuant to Title 21, United States Code, Section 853.

3.      The property subject to forfeiture as to Defendant, **IRA CHRISTOPHER JACKSON,** includes, but is not limited to the following: United States currency in the amount of one thousand, nine hundred fifty-seven dollars ($1,957.00); one (1) Glock, Model: 19, 9mm caliber pistol, Serial Number: BGNF238; one (1) DJI M600 drone, Serial Number:

30

M80DfK0230097; and one (1) DJI M600 drone, Serial Number: M64DDH26020090.

4.     The property subject to forfeiture as to Defendant, **KENNA MIDDLETON,** includes, but is not limited to the following: one (1) Taurus, Model: PT145, .45 caliber pistol, Serial Number: NEX55384; one (1) Taurus PT145 magazine; approximately seven (7) rounds of .45 caliber ammunition; and approximately eleven (11) rounds of .45 caliber ammunition.

5.     The property subject to forfeiture as to Defendants **IRA CHRISTOPHER JACKSON,** and **KENNA MIDDLETON** includes, but is not limited to the following: one (1) DJI M300 drone, Serial Number: 1ZN7L8F0H1P00F.

6.     The property subject to forfeiture as to Defendants **IRA CHRISTOPHER JACKSON,** and **ROBERT LEE WHISBY, JR.** includes, but is not limited to the following: one (1) DJI M600 drone, Serial Number: M80DG4A0037BY5.

7.     The property subject to forfeiture as to Defendants **JEFF RICHARDSON,** and **TYSEAN RICHARDSON** includes, but is not limited to the following: one (1) DJI M600 drone, Serial Number: FJ111428420221.

8.     The property subject to forfeiture as to Defendant, **GLENN MIDDLETON,** includes, but is not limited to the following: United States currency in the amount of five thousand, four hundred nineteen dollars, and twenty-five cents ($5,419.25); one (1) Amadeo Rossi, Model: M88, .38 caliber revolver, Serial Number: 1272504; one (1) Glock, Model: 17, 9mm pistol, Serial Number: ABPC955; one (1) Ruger, Model: NRA 10/22 Takedown, .22 caliber rifle, Serial Number: 490-61084; one (1) Taurus, Model: G2C, .40 caliber pistol, Serial Number: ABD447812; approximately five (5) rounds of .38 special ammunition; approximately four (4) rounds of 9mm ammunition from a .38 special ammunition box; approximately nine (9) rounds

31

of .38 special ammunition from a .38 special ammunition box; approximately nineteen (19) rounds of 9mm ammunition in a blazer ammunition box; one (1) 9mm magazine; one (1) 9mm round of ammunition from magazine; approximately fifty-nine (59) rounds of .22 LR rounds of ammunition; one (1) Ruger magazine; approximately fifteen (15) rounds of .22 caliber ammunition; one (1) Glock 17 magazine; and approximately twenty (20) rounds of 9mm ammunition.

9.      If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a)     cannot be located upon exercise of due diligence;

(b)     has been transferred, sold to or deposited with, a third person;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), through Title 18, United States Code, Section 924(d)(1), and Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to 18 U.S.C. § 924(d)(1), 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c).

A TRUE BILL.

*/s/ Foreperson of the Grand Jury*
FOREPERSON OF THE GRAND JURY

WILLIAM R. KEYES
UNITED STATES ATTORNEY

Presented by:

ELIZABETH S. HOWARD
ASSISTANT UNITED STATES ATTORNEY

Filed in open court this __10__ day of June, 2026.

Deputy Clerk

33